FILED

2021 Dec-02  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| AISHLY FOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:19-cv-01887-JHE |
| | ) | |
| MARK PETTWAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

Defendants David Agee, Adam Ennis, Deputy Maddox, Deputy Martin, Deputy McCants, Katelyn Payne, Mark Pettway, Deputy T. Russell, Terry Scott, and Deputy Simpson (the "Defendants") have moved to dismiss this action for lack of prosecution.[2] (Doc. 99). Defendants have also moved for monetary sanctions and dismissal pursuant to Federal Rule of Civil Procedure 37. (Doc. 100). Plaintiff Aishley Foy ("Foy" or "Plaintiff") has not formally responded to these motions, but she has filed a motion to stay that incorporates some arguments relevant to them. (Doc. 107). Defendants have filed a reply in support of their motions. (Doc. 111).

The undersigned held a hearing on the motions on November 16, 2021. After considering the parties' arguments, Defendants' motions are **GRANTED IN PART** and **DENIED IN PART**, and Foy's motion is **DENIED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 32)

[2] Nurse Daniel Kyle, a former defendant in this action, separately moved to dismiss for lack of prosecution. (Doc. 102). The undersigned denied that motion as moot after granting Nurse Kyle's motion for summary judgment, (doc. 69). (Doc. 112).

## I. Background and Procedural History

The undersigned has previously summarized the facts of this case:

> In brief, Foy, who has a number of disabilities, was booked into the Jefferson County Jail on November 24, 2017.  ([Doc. 24] at ¶ 15).  There, she went into a small room with a nurse to discuss her medical conditions, whereupon "a fight broke out."  (*Id.* at ¶¶ 21-22).  Several Jefferson County Sheriff's Deputies broke up the fight and took Foy to a holding cell.  (*Id.* at ¶¶ 23-25).  In the holding cell, Defendants Maddox, Payne, Simpson, Wade, Martin, and Ennis beat Foy.  (*Id.* at ¶¶ 26-34).  Foy was then placed in a disciplinary cell under suicide watch, where neither Defendant Nurse Kyle nor any other prison staff rendered aid to her for days.  (*Id.* at ¶¶ 35-73).  On these facts, Foy asserts (1) a 42 U.S.C. § 1983 count for excessive force against Defendants Martin, Ennis, Payne, Maddox, Simpson, and Wade, (*id.* at ¶¶ 98-110); (2) a § 1983 failure to intervene count against Defendants Ennis, Payne, Agee, Fletcher, Kyle, Maddox, Simpson, Scott, McCants, and Russell, (*id.* at ¶¶ 111-121); (3) an Americans with Disabilities Act and Rehabilitation Act claim against Defendant Pettway, (*id.* at ¶¶ 122-138); a second Rehabilitation Act claim against Defendant Pettway (which appears to be duplicative of Count 4), (*id.* at ¶¶ 139-156); and (5) a wantonness claim against Defendants Agee, Fletcher, Kyle, Scott, McCants, and Russell, (*id.* at ¶¶ 157-161).

(Doc. 66 at 1-2).

Foy filed this action on November 20, 2019.  (Doc. 1).  At the time, Foy was represented by attorney Kira Fonteneau.  On June 19, 2020, Fonteneau moved to withdraw after Foy "notified her Counsel that she wishes to represent herself."  (Doc. 46).  The undersigned held a telephone conference on the motion on July 7, 2020, at which the undersigned discussed the ramifications of proceeding *pro se* with Foy.  The same day, the undersigned granted Fonteneau's motion to withdraw and stayed the case for 30 days to permit Foy to find new counsel.  (Doc. 48).

The stay ultimately continued until November 4, 2020, (*see* doc. 53), and Foy proceeded *pro se*.  The parties submitted a proposed amended scheduling order, (doc. 54), which the undersigned entered, (doc. 55).  However, on January 22, 2021, Foy moved to amend the scheduling order and to stay the action.  (Doc. 62).  Specifically, Foy requested to modify the

2

expired January 4, 2021 deadline for expert disclosure and to stay the action because criminal charges were pending against her. (*Id.*). On February 5, 2021, the undersigned denied the motion. (Doc. 66). As to amending the scheduling order, the undersigned noted many of Foy's problems had arisen because she voluntarily chose to proceed *pro se*, and Foy herself had proposed and agreed to a January expert deadline. (*Id.* at 2-3). Additionally, the undersigned found Foy had not demonstrated any diligence in pursuing discovery. (*Id.* at 3-4). As to the stay issue, the undersigned observed that Foy had not provided any specific justification for why her Fifth Amendment rights would be implicated in this action. (*Id.* at 4-5).

On March 1, 2021, former Defendant Daniel Kyle ("Nurse Kyle") moved for summary judgment on the basis that Foy's claim against him requires expert testimony, which Foy could not provide at this juncture. (Doc. 69). The undersigned set a response deadline, (doc. 72), and Foy filed both a motion to reconsider the denial of the motion to amend and a response in opposition to the motion, (docs. 76 & 77). The undersigned denied the motion to reconsider because while Foy cited a number of health issues, none of them changed the conclusion regarding her diligence. (Doc. 79).

On April 8, 2021, the Jefferson County Defendants moved to compel discovery responses from Foy. (Doc. 80). The undersigned set a response deadline for that motion. (Doc. 81). When no opposition was received, the undersigned granted the motion, ordering Foy to respond by April 29, 2021. (Doc. 82).

On April 30, 2021, having not received discovery responses from Foy, the Jefferson County Defendants moved to dismiss the case for lack of prosecution. (Doc. 83). The undersigned set a May 14, 2021 response deadline for that motion. (Doc. 84). On May 14, 2021, Attorney Anthony Piazza entered a notice of limited appearance for Foy, (doc. 85), and filed a response to

the motion to dismiss, (doc. 86).  Attorney Piazza also filed a motion to stay or, in the alternative, for a status conference.  (Doc. 87).  On May 18, 2021, Attorney Piazza filed a notice indicating discovery responses had been served on the defendants.  (Doc. 88).  The next day, the Jefferson County Defendants filed a reply in support of their motion to dismiss and a response to the motion to stay.  (Docs. 89 & 90).

On June 14, 2021, the undersigned held a hearing on the motion to stay.  (Doc. 91).  At the hearing, Attorney Piazza stated he needed to spend additional time with Foy to determine the scope of his representation, that there may be additional discovery Foy would like to pursue against the Jefferson County Defendants, and that Foy still believed the expert deadline should be extended. Attorney Piazza also indicated that Foy would have the benefit of counsel at her forthcoming deposition to determine whether to assert her Fifth Amendment rights.  The undersigned asked Attorney Piazza whether this meant that Foy withdrew her motion to stay; Attorney Piazza indicated he would need to talk to his client.  The undersigned stated Attorney Piazza would have additional time to do so, as well as brief the issue of extending the expert deadline.

Following the hearing, the undersigned provided a deadline for Foy to determine whether or not to withdraw the motion to stay and to move for an extension of the expired expert report deadline, should she choose to do so.  (Doc. 92).  As to the latter, the order directed Foy to "explain why such relief is appropriate, given the facts and analysis set out in the undersigned's previous orders denying such relief, (docs. 66 & 79), and the discussion at the hearing . . . [and] include any and all relevant authority she believes supports such relief."  (*Id.*).  On June 28, 2021, Foy responded to that order, doubling down on her request to stay the case until her criminal charges are resolved.  (Doc. 93).  Foy's response also again requested an extension of time for her to provide an expert report.  (*See id.*).  The undersigned ultimately denied the stay, but also denied the

4

motion to dismiss for lack of prosecution, extending the discovery deadline (for everything but expert testimony) to October 11, 2021, and the dispositive motion deadline to November 10, 2021. (Doc. 96). The undersigned later permitted Attorney Piazza to withdraw from his limited representation. (Docs. 97 & 98).

On October 11, 2021, Defendants filed the instant motions to dismiss for lack of prosecution and for discovery violations. (Docs. 99 & 100). Their basis for both motions, supported by emails between the parties, is that Foy agreed on several occasions to deposition deadlines and subsequently requested that the deadlines be extended, resulting in her never actually appearing for her deposition prior to the discovery deadline. Specifically, Foy agreed to a September 29, 2021 deposition, (doc. 99-2), but asked on September 28, 2021 to reschedule. (Doc. 99 at 3). Foy then agreed to a 9:00 a.m. October 11, 2021 deposition, (doc. 99-4)—the last day of discovery—but called between 9:10 and 9:15 to tell defense counsel she would not attend. (Doc. 99 at 3-4).

The undersigned set an October 26, 2021 response deadline for the motions. (Doc. 101). On October 15, 2021, Nurse Kyle filed his own motion to dismiss for lack of prosecution. (Doc. 102). The undersigned set a separate October 29, 2021 response deadline for that motion. (Doc. 103). On October 27, 2021, Foy moved to continue her response deadline to the motions to dismiss. (Doc. 104). She stated she misread the orders and believed her responses were all due on the 29th, but in any case requested additional time. (*Id.*). The undersigned granted her until November 4, 2021, to respond, stating that no further extensions would be granted. (Doc. 105). On November 4, 2021, Foy requested "until in the morning" (i.e., November 5, 2021) to respond. (Doc. 106). The undersigned again granted that request, stating again that no further extensions would be provided. (Doc. 107).

5

On November 5, 2021, Foy again moved to stay her response deadline.  (Doc. 108).  She states that she had an anxiety attack at the law firm on the date of her deposition, which she told defense counsel.  (*Id.* at 3).  She also says she offered to reschedule the deposition and pay for their expenses, but they declined.  (*Id.*).  She details her medical history, including a limp and lingering damage resulting from an accident last year.  (*Id.* at 3).  She states that she needs to gather medical documentation to show why her case should not be dismissed.  (*Id.* at 4).  She also asks for additional time.  (*Id.* at 5).  She has attached a note from a licensed independent clinical social worker ("LICSW") describing her psychological state.  (Doc. 108 at 6-7).  Among other things, the LICSW states that Foy saw a Jefferson County deputy when she showed up on October 11, 2021 for her deposition, which triggered an anxiety attack that left her "unable to function."  (*Id.*)

On November 9, 2021, Defendants moved for an extension of time to file dispositive motions.  (Doc. 109).  The undersigned granted that motion, staying the deadline and setting a hearing.  (Doc. 110).  Defendants then filed a reply in support of their motions to dismiss, indicating (among other things) that Foy had not explicitly offered to pay for the deposition, but had stated "I'm pretty sure we can make arrangements for payments."  (Doc. 111).

The undersigned held a hearing on the motions on November 16, 2021.  At the hearing, Foy explained why she had not attended her deposition.  Foy stated she had seen a sheriff's vehicle parked outside the deposition site and called defense counsel to ask about it.  Defense counsel had informed her that she had sued various sheriff's deputies, so they had a right to attend her deposition.  Defense counsel also stated they were present for security reasons.  Foy asked to do her deposition over the phone, which defense counsel rejected.  Foy also asked to reschedule, which defense counsel also rejected.  Foy then left and went to a doctor's appointment.  Defense counsel largely agreed with this, explaining that he had not agreed to continue the deposition

because it would cost time and money to do so, and in any case he was concerned that rescheduling the deposition would lead to the same sort of thing happening again on the rescheduled date.

Asked what guarantee she could offer the court that she would abide by future deadlines, Foy stated her guarantee was that she appeared for the hearing.  However, Foy also asked for a three- to four-month stay so that she could schedule surgery on her ankle and heal from that before resuming active participation in the case.  Foy also indicated therapy would give her time to manage being in a setting with the police.

After the hearing, the undersigned took the motions under advisement.

## II. Analysis

### A. Dismissal

Federal Rule of Civil Procedure 41(b) provides a court may dismiss a case on motion from a defendant when "the plaintiff fails to prosecute or to comply with these rules or a court order." Dismissal for lack of prosecution is a harsh sanction warranted "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).[3]  The Eleventh Circuit has articulated a "two-part analysis for determining when an action should be dismissed as a sanction. There must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted).

---

[3] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

7

Additionally, Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that when a party fails to obey a court's discovery order, a court may sanction the party by "dismissing the action or proceeding in whole or part."[4]  "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . but dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault."[5]  *Clark v. Keen*, 346 F. App'x 441, 442 (11th Cir. 2009) (quoting *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993)) (cleaned up).  To determine whether dismissal is proper, the court should consider "whether a less drastic but equally effective remedy could have been fashioned."  *Id.* (quoting *Aztec Steel Co. v. Florida Steel Corp.,* 691 F.2d 480, 481 (11th Cir. 1982)).

In denying Defendants' previous motion, the undersigned stated:

> [] Defendants cite only Foy's failure to respond to their discovery responses and to provide dates for her deposition.  (Doc. 83).  Only the first of these was brought before the court prior to the [] Defendants' motion.  As discussed at the hearing, there appears to be some confusion over whether Foy actually provided those responses through previous counsel.  In any case, Foy has remedied this deficiency.  Additionally, Foy has sought out counsel to help her proceed.  Notwithstanding any previous failure by Foy to fully cooperate in discovery, the undersigned finds that the record here does not support dismissal for lack of prosecution.  Therefore, the motion is **DENIED**.

(Doc. 96 at 5).

The undersigned finds Foy's conduct here could support dismissal of her case.  First, by refusing to attend her deposition, Foy has unquestionably failed to abide by the scheduling order

---

[4] This sanction is available when a party fails to obey a scheduling order.  FED. R. CIV. P. 16(f)(1)(C).

[5] "Where dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  This case is well beyond the applicable statute of limitations.

providing a discovery cutoff of October 11, 2021, supporting dismissal under Rule 37(b)(2)(A)(v). Second, unlike last time, Foy has now engaged in a pattern of conduct that could support dismissal of her case under Rule 41(b). As recounted above, Foy did not initially provide dates for her deposition, and after the undersigned extended the discovery deadline, Foy delayed her first scheduled deposition and did not attend her second scheduled deposition. Furthermore, Foy's response to the motions to dismiss is still not on the record, as she has repeatedly asked to delay her response deadline—even after being informed that no further extensions would be granted. This adds up to a pattern of delaying matters instead of resolving them, which has led to Defendants' inability to take Foy's deposition prior to the discovery deadline.

All that said, both standards the undersigned is asked to apply here require that nothing short of dismissal would be effective. The only issue here is that Foy has not attended her own deposition. While it is a close call, the undersigned finds an order compelling Foy to sit for her deposition or face certain dismissal could solve that issue. Therefore, the undersigned will deny Defendants' motions without prejudice to the extent they seek dismissal, but will include instructions below regarding scheduling Foy's deposition.[6] If Foy fails to cooperate with those instructions, Defendants may renew their motions to dismiss.

### B. Monetary Sanctions

Defendants also request $2,500.00 for "the time, costs and expenses associated with [Foy's] failure to attend the depositions scheduled on September 29, 2021 and October 11, 2021."

---

[6] Although the undersigned is not including any specific directions to Defendants regarding their presence at the deposition, Defendants' counsel should consider whether it serves a useful purpose in this case to have a party present at Foy's deposition. If security is a concern, the parties may schedule Foy's deposition at the courthouse as they previously planned.

(Doc. 100 at 4).  Under Federal Rule of Civil Procedure 37(d)(3), the court may sanction a party in various ways for failing to attend her deposition, but it "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  In other words, the monetary sanction is mandatory unless the court finds either substantial justification or that the award is otherwise unjust.

Foy has provided an explanation for her conduct, but not one that justifies refusing to attend a deposition scheduled on the last day of an already extended discovery period.  Thus, the undersigned finds Foy's conduct in refusing to attend her October 11, 2021 deposition was not substantially justified.  Furthermore, regardless of how Defendants interpreted Foy's statement at the time she says she offered to pay for the expenses associated with rescheduling the deposition, (*see* doc. 111 at 5), Foy is now on the record stating she offered to pay for those expenses.  (Doc. 108 at 3).  Therefore, not only has Foy not argued that an award would be unjust, she has effectively conceded it is appropriate here.  Therefore, Defendants' motion is due to be granted to the extent that they are entitled to an award under Rule 37(d)(3).

As far as the amount of the award, Defendants provide no basis for the court to conclude that $2,500.00 is an appropriate award under Rule 37(d)(3).  Therefore, they will be required to supplement their motion to support their claimed expenses.  The undersigned notes that this award includes Foy's failure to attend *both* depositions, but Foy requested that the September 29, 2021 deposition be rescheduled in advance (albeit the day before the deposition) and Defendants

apparently agreed to do so.[7]  In other words, Foy did not "fail" to attend that deposition, notwithstanding her request to reschedule delayed it.  *See, e.g., Gonzalez v. Batmasian*, 319 F.R.D. 403, 405 (S.D. Fla. 2017) (denying as unjust sanctions under Rule 37(d)(3) where parties had simply rescheduled deposition); *McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 8 (D.D.C. 2007) (denying motion for sanctions for failure to appear at deposition when deponent notified counsel the day before that she could not attend).  Therefore, the only compensable conduct under Rule 37(d)(3) is Foy's failure to attend her October 11, 2021 deposition, and the expenses associated with that deposition are the only ones to which Defendants are entitled.  Furthermore, any fees Defendants' counsel incurred preparing for the October 11, 2021 deposition are not recoverable because counsel is perfectly capable of using that preparation at Foy's future deposition.  *See Vickers v. Wells Fargo Bank, N.A.*, No. 4:19CV316-MW/CAS, 2020 WL 8366983, at *1 (N.D. Fla. Feb. 7, 2020).

### C. Extension of Deadlines and Motion to Stay

The undersigned has considered Foy's arguments in support of her motion to stay. However, the undersigned finds that Foy's ability to sit for her deposition and to respond to any subsequent motion for summary judgment filed by Defendants is not materially impacted by her ankle injury.  To the extent Foy identifies a concrete problem that causes her to be **unable** to comply with deadlines due to her ankle injury, she may bring that to the court's attention.  As far as Foy's ongoing anxiety, depression, and PTSD, while the undersigned appreciates the letter from the LICSW, Foy does not offer any reason to believe that these will be resolved by staying the

---

[7] Although Defendants attached numerous other emails to their motions to dismiss, they did not include a copy of the email in which Foy asked to reschedule the September 29, 2021 deposition.

case.  Foy is not being asked to do any more than any other *pro se* litigant in any other civil suit, and it is her obligation to continue to prosecute her case.  If Defendants move for summary judgment, the undersigned is open to giving Foy a somewhat longer period to file her response, but she will still be required to abide by whatever deadline is ultimately set.  Foy's motion to stay is due to be denied.

In their reply, Defendants request that there be no extension of the discovery deadline. (Doc. 111 at 7).  Without specifying what discovery she intends to do, Foy generally requested at the hearing that the discovery deadline be extended.  The undersigned previously extended the discovery deadline for all purposes because of the factually specific circumstances then present in this case, including confusion over what discovery had previously been provided to defendants and various physical and mental hardships identified by Foy.  (*See* doc. 96 at 11).  There is no longer any confusion over Foy's production of discovery, and while Foy is still experiencing similar hardships, the extended discovery deadline was intended to take those into account.  Foy admitted she has not done anything to pursue discovery in this case even with the extension. Therefore, the undersigned will not extend the discovery deadline further.  To the extent Foy's request at the hearing can be construed as an oral motion to extend the deadlines, it is due to be denied.  The only discovery permitted at this stage of the litigation is Foy's deposition.

### III. Conclusion

As stated above, Defendants' motions, (docs. 99 & 100), are **DENIED** as to their request for dismissal, without prejudice to their ability to renew them if Foy fails to attend her deposition. Foy must arrange a date for her deposition with defense counsel, and the deposition date must be on or before **December 23, 2021**.  Foy is encouraged to contact defense counsel sooner rather than later to arrange for her deposition.  **<u>Foy is required to attend the deposition</u>**.  It is Foy's obligation

to schedule the deposition on a date in which she has no other conflicting appointments, because **she will not be allowed to reschedule the deposition once she agrees to a date**.  Foy should understand that this is her **final opportunity** to cooperate in her obligations as a party to this case. **If Foy fails to attend her deposition, her case will be dismissed with prejudice**.  The dispositive motion deadline is extended to **January 13, 2022**.

Defendants' motion for sanctions, (doc. 100), is **GRANTED IN PART** to the extent that Defendants are entitled to an award of expenses associated with the October 11, 2021 deposition. The undersigned will defer ruling on the amount of the award until Defendants supplement their motion with an explanation, supported by evidence, for their request.  Defendants' supplement is due by **December 16, 2021**.  Foy may respond with arguments as to why any amount requested by Defendants is unreasonable, but she **must** provide her objections by **December 30, 2021**.  **No extensions of this deadline will be granted**.

Foy's motion to stay, (doc. 108), and Foy's oral motion to extend the discovery deadline are **DENIED**.

DONE this 2nd day of December, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE