UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AISHLY FOY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:19-cv-01887-JHE |
| MARK PETTWAY, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION[1]

This matter is before the court on remand from the Eleventh Circuit Court of Appeals. (*See* doc. 153). Specifically, the Eleventh Circuit has required the undersigned to address arguments raised in a motion for summary judgment filed by Defendants Mark Pettway, Adam Ennis, Katelyn Payne, David Agee, and Terry Scott (the "Moving Defendants") pertaining to Counts Three and Four of Plaintiff Aishly Foy's First Amended Complaint ("FAC"). (*See* doc. 153-1 at 18). Having considered those arguments as discussed further below, the Moving Defendants' motion (doc. 125) is **GRANTED** as to Counts Three and Four.

### I. Procedural History

On March 20, 2023, the undersigned granted in part and denied in part a motion for summary judgment filed by Defendants Mark Pettway ("Sheriff Pettway"), Adam Ennis, Katelyn

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 32). (*See also* doc. 150).

Payne, David Agee, and Terry Scott (the "Moving Defendants").[2] (Doc. 134). Specifically, the undersigned denied summary judgment as to Counts One, Three, and Four of the FAC. Count One asserts excessive force claims against several defendants in their individual capacities, while Counts Three and Four assert claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act against Sheriff Pettway in his official capacity only. The undersigned held that Defendants Ennis and Payne (along with several other defendants who did not move for summary judgment) were not entitled to qualified immunity as to Count One and that Sheriff Pettway was not entitled to qualified immunity as to Counts Three and Four. (*See id.*). On April 19, 2023, the Moving Defendants appealed the denial of qualified immunity to the Eleventh Circuit. (Doc. 139).

On March 3, 2025, the Eleventh Circuit issued an opinion affirming the holding of the memorandum opinion, including the denial of qualified immunity to Sheriff Pettway on Counts Three and Four. (Doc. 153-1). However, the Eleventh Circuit further held:

> The magistrate judge, however, did not address Sheriff Pettway's underlying arguments that there was no evidence in the summary judgment record (1) of a deputy's or employee's violation of Foy's statutory rights under either the ADA or the Rehabilitation Act or (2) of a policy, custom, or practice of Sheriff Pettway resulting in such a statutory violation, and (3) that Sheriff Pettway could not be held liable under a theory of supervisor liability. On remand, the magistrate judge should address these issues as to Foy's claims in Counts Three and Four against Sheriff Pettway in his official capacity.

(*Id.* at 17). This court received the Eleventh Circuit's mandate on April 1, 2025. (Doc. 153).

## II. Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[2] The procedural history of this case up to March 20, 2023, is set out in more detail in that memorandum opinion.

2

to judgment as a matter of law." Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish there is a "genuine issue for trial." *Id.* at 324. (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276–78 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. v. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

### III. Summary Judgment Facts[3]

On November 24, 2017, Foy was arrested and booked into the Jefferson County Jail.[4] (Doc. 24 at 3, ¶ 15). At the time she was booked, Foy had been diagnosed with multiple personality disorder and major depression. (Deposition of Aishley Foy (doc. 126–1, "Foy Depo.") at 10 (30:11–19)). As discussed further in the previous memorandum opinion, Foy was subsequently assaulted by various Jefferson County deputies and was eventually taken to a cell on the jail's fifth floor. (Doc. 134 at 5–8).

On December 1, 2017, Foy submitted a grievance to Captain David Agee, whose responsibility it was to manage inmates and staff at the Jefferson County Jail. (Affidavit of David Agee (doc. 126-5, "Agee Aff.") at ¶ 2; Foy Depo. at 13 (43:2–5)). Less than thirty minutes later, Captain Agee "locked [Foy] down," placing her on "Max One" classification. (Doc. 24 at ¶ 82–83; Foy Depo. at 13 (44:1–9), 19 (67:8–12)). Captain Agee issued a Max One Classification Notice in connection with this discipline. (Doc. 126-6). The notice indicates Foy's reclassification was "determined by the following: current/past disciplinaries; current/past charges; current/past convictions; current/past behavior in this facility; and/or any other information that may be deemed appropriate with regard to your personal security or the security of this facility." (*Id.* at 2). The notice identifies the restrictions applicable to inmates in Max One classification, including reduced commissary privileges, limited visitation, no church/school privileges, and no law library visits. (*Id.*). Below these general restrictions is the following handwritten note: "Also phone & tablet

---

[3] Based on the applicable standard of review, these "summary judgment facts" are undisputed or, if disputed, taken in a light most favorable to Foy. Only facts pertinent to Counts Three and Four are set out here.

[4] Sheriff Pettway is Jefferson County's sheriff. (Doc. 24 at 2, ¶ 4).

privileges revoked for two weeks 12-1-17 until 12-14-17. Per Captain Agee." (*Id.*). Captain Agee testified "[a]ll disciplinary actions Aishley Foy received were due to her inappropriate behavior and in accordance with all standards and policies for all inmates." (Agee Aff. at ¶ 8).

### IV. Analysis

In the previous memorandum opinion, the undersigned discussed Foy's ADA and Rehabilitation Act claims in Counts Three and Four, the legal framework applicable to those claims, and how Sheriff Pettway's qualified immunity defense interacted with those claims:

> As noted above, Foy asserts claims under the ADA and the Rehabilitation Act against Sheriff Pettway in his official capacity only. Specifically, Foy's ADA claims in Count Three are that as a person with a disability, she was excluded from various services provided by the jail, "including the commissary, leaving her cell, attending church, filing grievances, receiving mental and physical healthcare, and other opportunities." (Doc. 24 at ¶¶ 28–29). Her Rehabilitation Act claim in Count Four is essentially the same.[5] (*Id.* at ¶¶ 141–46). Foy also asserts Sheriff Pettway is liable for violations of the ADA and the Rehabilitation Act under § 1983 on failure to train, deliberate indifference, and pattern and practice theories. (Doc. 24 at ¶¶ 134, 137, 152, 155).
> 
> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act says that no disabled person "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. In order to recover under either statute, a plaintiff must establish: (1) that she is a qualified individual with a disability, (2) that she was either excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated against by such entity, (3) that the exclusion, denial of benefit, or discrimination was by reason of such disability. *Charles v. Johnson*, 18 F.4th 686, 702 (11th Cir. 2021) (Rehabilitation Act); *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007) (Title II).

---

[5] Confusingly, Foy alleges violations of both the ADA and the Rehabilitation Act in Count Three, and duplicative Rehabilitation Act violations in Count Four.

> The Moving Defendants assert Sheriff Pettway is entitled to qualified immunity on these claims. (Doc. 125 at 19–24). However, an official "sued in his official capacity," as Sheriff Pettway is here, "is not, of course, entitled to . . . the individual capacity defense of qualified immunity." *Bruce v. Beary,* 498 F.3d 1232, 1249 n. 33 (11th Cir. 2007). Furthermore, neither the ADA nor the Rehabilitation Act provides for claims against individuals. *See Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir. 1996) (ADA); *Farrell v. U.S. Dept. of Justice,* 910 F. Supp. 615, 618 (M.D. Fla. 1995) (Rehabilitation Act). Consequently, qualified immunity does not appear to be a defense to an ADA or Rehabilitation Act claim at all.
>
> Leaving aside that the Moving Defendants rely on an inapplicable defense, the thrust of their argument is that Foy has not established an underlying constitutional violation for denial of medical care, so she cannot hold Sheriff Pettway liable for that constitutional violation based on other theories.[6] (Doc. 125 at 19–24). It is true that Foy does not have a viable denial of medical care claim for the reasons stated above and in the memorandum opinion granting summary judgment to Nurse Kyle, so Foy's denial of medical care § 1983 claims against Sheriff Pettway in his official capacity may not proceed. *See Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred."). However, the Moving Defendants conflate whether Foy has established a constitutional violation based on denial of medical care with (1) whether she has satisfied the standards of the ADA or the Rehabilitation Act or (2) whether she has adequately supported official capacity § 1983 claims based on the other purported violations she alleges. Neither of these entitles Sheriff Pettway to summary judgment on Foy's other Count Three and Four claims. Accordingly, the motion for summary judgment is due to be denied as to the remaining portions of these counts.

(Doc. 134 at 24–26) (footnote in original).

As discussed above, the Eleventh Circuit has required the undersigned to address "Sheriff Pettway's underlying arguments that there was no evidence in the summary judgment record (1) of a deputy's or employee's violation of Foy's statutory rights under either the ADA or the Rehabilitation Act or (2) of a policy, custom, or practice of Sheriff Pettway resulting in such a statutory violation, and (3) that Sheriff Pettway could not be held liable under a theory of

---

[6] The "other theories" the Moving Defendants argue against appear to be different individual capacity claims (e.g., Pettway's supervisory liability), rather than the official capacity claims Foy actually asserts.

supervisor liability." (Doc. 153-1 at 17). As to the first argument, there is evidence in the summary judgment record to support that Foy has disabilities of multiple personality disorder and major depression. (*See* Foy Depo at 10 (30:11–19)). There is also evidence to support that Foy lost various privileges when Captain Agee placed her in Max One. (See doc. 126-6). However, the undersigned has examined Foy's deposition and the remainder of the summary judgment record and has found no evidence to support that Captain Agee placed Foy in Max One "by reason of [her] disability." Instead, the only evidence as to Captain Agee's motivation is his unrebutted testimony that he placed Foy in Max One "due to her inappropriate behavior and in accordance with all standards and policies for all inmates." (Agee Aff. at ¶ 8). Accordingly, Foy cannot support either an ADA or a Rehabilitation Act claim.

Because the record does not support that jail staff violated Foy's ADA or Rehabilitation Act rights, it is unnecessary to explore in any great detail either of the other two arguments the Eleventh Circuit identified as the bases for Sheriff's Pettway's motion for summary judgment. The existence of a policy, custom, or practice is beside the point given no ADA or Rehabilitation Act violation occurred. And without an underlying violation, Sheriff Pettway could not be held liable under a supervisory liability theory in any case. *Cf. Mann v. Taser Int'l. Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009) (observing that, in the context of claims under 42 U.S.C. § 1983, that a supervisory liability claim must fail "because the underlying Section 1983 claims fail"). Accordingly, Sheriff Pettway is entitled to summary judgment on Counts Three and Four.

## V. Conclusion

For the reasons stated above, the Moving Defendants' motion for summary judgment (doc. 125) is **GRANTED IN PART** to the extent that Foy's claims against Sheriff Pettway in Counts Three and Four are **DISMISSED WITH PREJUDICE**.

7

The Clerk is **DIRECTED** to mail a copy of this memorandum opinion to Foy.

DONE this 16th day of September, 2025.

                                              **JOHN H. ENGLAND, III**
                                              UNITED STATES MAGISTRATE JUDGE